# Stewart's Appeal.

1. A. conveyed to B. property of considerable value by a deed in fee simple, in the body of which the consideration of the conveyance was expressed to be "valuable and sufficient." Annexed was a receipt signed by the grantor for the sum of one hundred dollars.  Said deed was regularly signed, sealed, acknowledged, delivered and recorded.  *Held*, that the mere fact that the sum receipted for was inconsiderable as compared with the true value of the land conveyed, was not of itself sufficient to put a subsequent *bona fide* purchaser for value from B. upon notice of the fact that there was a secret trust for the benefit of A.

2. In order to show by parol that a deed absolute upon its face is a mortgage, the proof must be clear, explicit, and unequivocal.

3. Where a bill in equity is filed, whereby it is sought to have a deed absolute on its face decreed a mortgage, and the complainant and respondent directly contradict each other in their testimony as to what was the true intention of the parties, the court will not, in the absence of other evidence, enter the decree prayed for.

4. The mere fact that the consideration expressed in such a deed is somewhat greater that was actually paid by the grantee is of no weight as supporting the theory that the instrument was intended to be a mortgage, where it appears that such instrument was made and the consideration thereof inserted under the direction and superintendence of the grantor without the grantee's knowledge or assent.

June 15th 1881.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Court of Common Pleas of *Clearfield county*: In Equity: Of May Term 1881, No. 107.

This was an appeal by Samuel E. Stewart from a decree of the said court, sustaining the exceptions of William Hegarty to the report of a master.

The bill in equity was filed October 16th 1874 by William Hegarty against James A. Hegarty and Samuel E. Stewart, praying that a certain deed be declared void and be delivered up to be cancelled.

The material facts, as reported by the master, were as follows: On December 31st 1864, the plaintiff, William Hegarty and wife, executed and delivered the following instrument:

KNOW ALL MEN BY THESE PRESENTS, that we, the undersigned heirs at law of Samuel Hegarty, late of Woodward township, Clearfield county, Penn'a, deceased, and as such heirs legally entitled to a share or shares of the real and personal estate of said deceased, so far as said property has not been otherwise disposed of by some valid will of said decedent, do hereby, for a valuable and sufficient consideration, unto each of us respectively paid, assign, set over and convey to James A. Hegarty, of Guelich township, Clearfield county, Penn'a, his heirs and assigns, all the right, title, interest and claim that we respectively have or may have in the real and personal property of the said Samuel Hegarty. It is however expressly understood that the said James A. Hegarty takes this conveyance of our title at his own risk, as to the said title, and in case of future litigation in regard to the will of said Samuel Hegarty, or other matter connected with said estate, we are' not to be made liable for any costs that may accrue, nor are we in any way to warrant or defend the said James Hegarty, his heirs and assigns.

" Witness our hands and seals, this 31st day of December, A.D. 1864.

" WILLIAM HEGARTY, [L. s.]
" JEMIMA HEGARTY, [L. s.]
" Witnesses present, H. Swan, W. B. Alexander, G. W. Shoff.

" WOODWARD, Dec. 31st 1864.
" Received on the within agreement, of the within named J. A. Hegarty, one hundred dollars.
" WILLIAM HEGARTY."

Duly acknowledged March 14th 1865.
Recorded Feb. 5th 1865.

This instrument was executed under the following circumstances: Samuel Hegarty, a brother of the plaintiff, and of the defendant, James A. Hegarty, died March 21st 1864,

leaving a widow, but no children, and five brothers and two sisters, as his heirs at law. He left a will dated within one month of his death, which was admitted to probate April 6th 1864 (no caveat being filed), by which he devised the bulk of his property to charities. No immediate steps were taken to contest the validity of the will, although such proceedings were discussed between the heirs. The plaintiff averred that the true intention and object of the above-recited deed was to enable James Hegarty to contest the said will on behalf of the plaintiff in connection with others of the heirs of Samuel Hegarty, and that James Hegarty was to receive for his own use, in consideration of his paying the costs of litigation, a portion of whatever share he might collect for the plaintiff out of Samuel Hegarty's estate ; that he (plaintiff) had signed the deed without reading it, believing it to be a power of attorney for the above-mentioned purpose. The master found these allegations to be substantially true. In 1868 or 1869, the plaintiff discovered that James A. Hegarty claimed the whole of his interest under the above deed ; but took no active steps to assert his rights.

A special Act of Assembly was passed February 11th 1869 (Pamph. L. 144), authorizing the executor of Samuel Hegarty, deceased, to sell his real estate.

On May 31st 1870, a bill in equity was filed by James A. Hegarty and others, heirs of Samuel Hegarty, deceased, against the executor of Samuel Hegarty and others, to restrain the sale of real estate under the said Act of Assembly, and praying that so much of the will of Samuel Hegarty, deceased, as devised property to religious uses, be declared void. This cause was proceeded in, and a final decree was entered in the court of Common Pleas of Clearfield county, October 24th 1872, in accordance with the prayers of the bill, whereby the said will was declared void pro tanto, which decree was affirmed by the Supreme Court, July 2d 1874. (See Hegarty's Appeal, 25 P. F. Smith 503.)

In the meantime, on June 17th 1871, James A. Hegarty and wife, by deed of that date, recorded June 13th 1872, conveyed to the defendant Samuel E. Stewart and his heirs, all the interest in the estate of Samuel Hegarty, deceased, which had been conveyed to him by William Hegarty by the deed of December 31st 1864, except an undivided one-fourth part, which had previously been conveyed to A. J. McEnally. The consideration mentioned in this deed was $3,000. The master reported that the real consideration was the payment of three notes, previously given by James A. Hegarty and indorsed by Samuel E. Stewart, amounting to about $2,500, which Stewart had paid. James A. Hegarty testified that this conveyance, though absolute on its face, was in fact a mortgage to secure

Stewart for such payment. Stewart denied this, and asserted that he was a bona fide purchaser for value without notice of any title or equity in William Hegarty. The master reported that the parol testimony of James A. Hegarty, being contradicted by Stewart, and not corroborated, was insufficient to convert the absolute deed into a mortgage, and that Stewart was a bona fide purchaser for value, without notice of any trust or equity in favor of William Hegarty.

On May 22th 1872, William Hegarty and wife executed the following paper:

" *To all to whom these presents shall come:*

" We, William Hegarty and Jemima Hegarty, his wife, of Woodward township, Clearfield county, Pennsylvania, the alleged grantors in a paper writing, dated December 31st 1864, recorded February 5th 1866, in the office for recording deeds in and for Clearfield county, in Deed Book X. page 585, purporting to be acknowledged March 14th 1865, before George W. Shoff, Justice of the Peace, do hereby declare that the said paper writing was obtained from us by fraudulent representations of the contents and without our full and free consent to the same being obtained, in that the said paper was represented to us by the grantee, James A. Hegarty, to be an authority from us to him to act as our agent in collecting our share of the estate of said Samuel Hegarty, deceased, and was not intended to be, nor was it said to be, a sale of our interest in the realty aforesaid and in the personalty of the said Samuel Hegarty, but was intended to be and was a mere authority to act for us. Wherefore, we do hereby revoke and annul the powers given by the said paper writing unto the said James A. Hegarty, his heirs and assigns, and do hereby warn and forbid all persons against recognizing the said papers as authority or power from us of any kind unto the said James A. Hegarty, his heirs and assigns, or any of them.

" Witness our hands and seals this 22d day of May, A. D. 1872.    WILLIAM HEGARTY, [L. S.]
JEMIMA HEGARTY, [L. S.]

" Witness present, REUBEN HEGARTY.

" Recorded May 22d 1872."

The master reported as a matter of law that, under the foregoing circumstances, and in view of the fact that although William Hegarty knew in 1868 or 1869 that James A. Hegarty claimed to be the owner of the entire interest conveyed to him by the deed of December 31st 1864, he took no steps to assert his alleged rights until after the conveyance of James A. Hegarty to Samuel E. Stewart in 1871, the plaintiff had no equity as against

Stewart; and he therefore recommended a decree dismissing the bill.

The plaintiff filed exceptions to the report, inter alia, to the master's finding that Stewart was a bona fide purchaser for value without notice of any title or equity in William Hegarty. The court (Orvis, A. L. J.), without filing an opinion, entered the following decree:

"And now, 11th January, A. D. 1881, this cause coming on to be heard, and after due consideration had, the exceptions of the complainant to the master's report are sustained in so far as the master finds Samuel E. Stewart to have been a bona fide purchaser for value without notice. But believing from all the facts that James A. Hegarty was entitled to hold by virtue of the agreement with William Hegarty an undivided one-half of the one-seventh interest in the estate of Samuel Hegarty, deceased, which would otherwise have descended to William Hegarty, the complainant; and that the said James A. Hegarty had sold and conveyed his interest to Samuel E. Stewart, that the said Samuel E. Stewart did take a good and valid title to an undivided one-half of the one seventh interest aforesaid, whether he hold by mortgage or deed.

"Therefore, it is hereby ordered and decreed, that the decree of the master dismissing the complainant's bill, be and is hereby reversed. And it is further ordered and decreed, that the complainant, William Hegarty, be and is hereby entitled to receive of the moneys arising from the sale of the said one-seventh interest, the one-half part thereof, and that Samuel E. Stewart, one of the respondents, be and is hereby entitled to receive the other one-half part thereof, less the costs of this proceeding."

Samuel E. Stewart thereupon took this appeal, assigning for error the said decree.

*Daniel W. McCurdy*, for the appellant, relied on the master's report.

*Wallace & Krebs*, for the appellee.—There was no laches on the part of the complainant. The deed by James A. Hegarty to Stewart of June 17th 1871, was the first affirmative act by which the complainant was informed that James A. Hegarty repudiated the parol trust, reposed in him by the complainant, and before that deed was recorded, the complainant executed and recorded the paper of revocation.

The instrument of December 31st 1864, from William Hegarty and wife to James A. Hegarty, although called by the master an absolute deed, was not so in form, and it bore on its face enough to put a purchaser on inquiry as to its real nature. Its opening words, "Know all men by these presents that we

the undersigned, heirs at law of Samuel Hegarty," &c., and the reference in it, " in case of future litigation in regard to the will of Samuel Hegarty," indicate that it was a paper, intended to be signed by other of the heirs of Samuel Hegarty, to assign their interests to James A. Hegarty to enable him to contest the will of Samuel Hegarty on their behalf. No money consideration is mentioned in the paper. The evidence showed that the real estate of Samuel Hegarty included about one thousand eight hundred acres of valuable timber land, and that the share of each of the seven heirs would be worth between $30,000 and $40,000. Stewart well knew this fact. The receipt at the foot of the deed, which reads, " received *on* the within *agreement* of the within named J. A. Hegarty *one hundred dollars*," was of itself notice to Stewart that William Hegarty did not intend to sell out his entire interest for such a pittance. A prudent man would have inquired, How much is yet due on the agreement? Why do you sell your interest for $100, when you claim it to be worth $30,000? Why was not the paper in the usual form of a deed? What is the litigation referred to in the paper? These circumstances were sufficient to have put Stewart on inquiry, which would have led to a discovery of the equity which William Hegarty is now asserting ; and where one remains willfully ignorant, where the rights of a third person are concerned, he is chargeable with the knowledge which he avoids : Spencer's Appeal, 30 Smith 317 ; Jaques *v.* Weeks, 7 Watts 267 ; Brush *v.* Ware, 15 Peters 112 ; Lewis *v.* Bradford, 10 Watts 72 ; Barnes *v.* McClinton, 3 Penn. 67 ; Mulliken *v.* Graham, 22 Smith 491 ; Hoppin *v.* Doty, 25 Wis. 573; Peabody *v.* Fenton, 3 Barb. Chan. 451 ; Nute *v.* Nute, 41 N. H. 60 ; Warren *v.* Swett, 31 Id. 332 ; Danforth *v.* Dart, 4 Duer 106 ; Sigourney *v.* Munn, 7 Conn. 324 ; Pendleton *v.* Fay, 2 Paige 202 ; Blaisdell *v.* Stevens, 16 Vermont 179 ; Stevens *v.* Goodenough, 26 Vermont 676 ; Dey *v.* Dunham, 2 Johns. Chan. 182 ; Price *v.* McDonald, 1 Maryland 403.

But we deny that Stewart was a purchaser at all. At most he was but a mortgagee. The testimony disclosed that he had indorsed certain notes for James A. Hegarty, which he had been obliged to pay, and that he wanted *security;* that the deed to him was prepared and executed by James A. Hegarty without his knowledge or request, and, although he swears in his answer that he was a purchaser, his testimony before the master virtually contradicted his answer and deprived it of any weight : Spencer & Newbold's Appeal, 30 P. F. Smith 317. James A. Hegarty, his co-respondent, testified that the conveyance was intended as a security, and we submit that the master was in error in holding that the testimony was not sufficiently clear to sus-

tain our allegation that Stewart was but a mortgagee; and that the court below was right in sustaining our exceptions to the master's report.

Mr. Justice GORDON delivered the opinion of the court October 3d 1881.

As the court below has furnished us with no opinion, we are uninformed as to the reasons for its dissent from the report of the master. That report seems to have been well and carefully made; the evidence, as we think, has been well considered, and with his legal conclusions we can find no fault.

It is, indeed, true, that, in fact, the deed from William Hegarty and wife was but a trust, but on its face it was absolute; a deed in fee simple, regularly signed, sealed, acknowledged, delivered and recorded; and it is not even pretended that of the secret trust between William and James Hegarty, Stewart had notice. The counsel for the appellee seems to think that the fact, that but $100 was receipted on this deed, was, of itself, sufficient to put Stewart upon inquiry. But we cannot see the matter in this light. In the body of the deed the consideration is set forth as valuable and sufficient; more than this was not required, and I have yet to learn that it is necessary to set out in a conveyance the full price paid for the land conveyed thereby, or that if a price less than the actual value thereof happens to be thus set out, it is a suspicious circumstance, of which a good faith purchaser for value is required to take notice. In the case in hand, looking only to the receipt, a valuable consideration does appear, and Stewart was not bound to inquire whether the sum thus represented was the full price paid for the premises or not. The parties had so written it, and so Stewart might well permit it to stand; for his purposes it was entirely sufficient, and it was not necessary that he should trouble himself further about it. The parties who executed the deed were fully competent to transact their own affairs, and even if they chose to sell this land for a wholly inadequate price, that was their own business, not that of the appellant. For what purported to be a valuable consideration, they executed an unconditional deed to James A. Hegarty, and if he violated the conditions of a secret trust which existed between them, they must call this, their trustee, and not Stewart, to an account.

Then, as to the deed from James A. Hegarty to Stewart; it is said this was but a mortgage. But nothing of this kind is apparent on its face; it purports to be an absolute conveyance. Hegarty, indeed, swears that it was executed only as security for the money Stewart paid for him, but, as an offset, Stewart swears positively to the contrary, and as we thus have

oath against oath, the evidence is balanced and proves nothing either way, leaving the prima facie presumption arising from the face of the deed to stand unrebutted. To show by parol that a deed, absolute on its face, is a mortgage, the proof must be clear, explicit and unequivocal: Plumer *v.* Guthrie, 26 P. F. S. 441. Neither of these requirements is found in the case in hand.

The counsel for the appellee regards the fact that the consideration, expressed in this deed is somewhat greater than the amount actually paid by Stewart, as a circumstance supporting his theory. But we cannot so see it; at best this, of itself, amounts to but little, and even that little vanishes when we learn that the deed was made, and the consideration put in it, under the direction and superintendence of Hegarty, and without either the assent or knowledge of Stewart.

> The decree of the court below is reversed and the bill dismissed at the cost of the appellee.