## Boyertown National Bank *v*. Hartman, Appellant.

*Deeds—Mistake—Reformation—Evidence.*

Evidence to reform a deed on the ground of mistake must be clear, precise and indubitable. It must be not only credible, but of such weight and directness as to make out the facts alleged beyond a reasonable doubt.

A wife's name was mentioned in the recitals of a deed as a party to the instrument, but in the granting clause and in the habendum and covenants her name was omitted, and the husband's name alone appeared. It was claimed that her name was omitted by mistake and that it was intended to convey the land to the husband and wife jointly. One witness testified that directions were given to the scrivener to draw the deed to both, the husband and wife corroborated this, but a mortgage of the same date was offered in evidence in which the husband was recited as sole owner. *Held*, that the evidence was insufficient to sustain a verdict for defendants in proceedings by a sheriff's vendee to recover possession of the land which had been sold as the property of the husband, and that the court below would have been justified in giving binding instructions for plaintiff.

Argued March 1, 1892. Appeal, No. 152, Jan. T., 1892, by defendants, John B. Hartman and wife, from judgment of C. P. Berks Co., March T., 1891, No. 79, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM, MITCHELL and HEYDRICK, JJ.

Proceedings to recover possession of real estate by sheriff's vendee under act of June 16, 1836.

At the trial before ENDLICH, J., the defendants claimed that a deed executed on April 4, 1878, to John B. Hartman,

the defendant in the execution under which the land was sold, should have been executed to John B. Hartman and Susan his wife, jointly, as tenants by entireties. One witness testified that instructions had been given to the scrivener to make both Hartman and his wife grantees. This was corroborated by both the defendants. The deed itself showed that Susan Hartman was recited in the premises as one of the parties to the instrument.

The plaintiff offered in evidence, under objection and exception by defendant, a mortgage of the land in question from John Hartman to Anna Bahr, dated April 4, 1878, in which Hartman was recited as sole owner. [3]

The court construed the deed of April 4, 1878, as a conveyance to John Hartman alone [1], and charged in part as follows:

"In order to justify you in finding this to be the truth in the face of the deed which omits to join in the granting clauses, you must be satisfied of it beyond a reasonable doubt. You must be satisfied, beyond a reasonable doubt, that the intention was as declared by the witnesses called to prove this allegation, and that it so continued down to and at the precise time when this deed was executed. . . . The evidence must have clearly satisfied you, gentlemen, not beyond every doubt, for that is impossible, nor yet by a mere preponderance, for that is not sufficient; but, as thoroughly as oral testimony can satisfy the mind of the truth of this allegation, that the intention of the parties was to make the conveyance to the husband and wife jointly." [3]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) the ruling on evidence, (2, 3) instructions as above.

*John F. Smith, Jeremiah K. Grant* with him, for appellants, cited Meyers v. Com., 83 Pa. 142; McGinity v. McGinity, 63 Pa. 42; Spencer v. Colt, 89 Pa. 314; Rearich v. Swinehart, 11 Pa. 233.

*Ermentrout* and *Ruhl*, for appellee, were not heard.

OPINION BY MR. JUSTICE STERRETT, March 21, 1892.

In October, 1890, the land in controversy was sold as the property of the defendant, John Hartman, and duly conveyed

by the sheriff to the plaintiff. For the purpose of showing title in said Hartman, at time of sale, plaintiff gave in evidence deed of Jacob Bahr and wife, dated April 4, 1878. It is conceded that if John Hartman was sole vendee in fee under that conveyance, plaintiff was entitled to recover. It appears, however, from an inspection of the deed, that John Hartman and Susan, his wife, are named as parties of the second part thereto; but, in all the operative clauses of the deed, the conveyance is to " John Hartman, his heirs and assigns," alone, and the covenant of special warranty is in same form. The name of Susan Hartman nowhere appears in the deed, except in the first clause, to wit : " This indenture made . . . . between John B. Bahr, of . . . . and Catharine his wife, of the first part, and John Hartman, of the same place, and Susan his wife, of the other part."

On the face of the deed, therefore, John Hartman was the sole owner of the land when it was taken in execution and sold, as his property, to the plaintiff. But the defendants contended that, in point of fact, the conveyance was to them as husband and wife jointly; that, by a mistake of the scrivener, the name of the wife was omitted from the conveying and other operative clauses of the deed, and that the instrument should be reformed so as to make it conform to the intention of the parties. They, therefore, assumed the burden of making the proof necessary to justify a chancellor in thus reforming the deed. If they had succeeded in so doing, they would have established the fact that they were both seized of the entirety, each equally entitled to possession of the whole, with all the incidents of the peculiar estate, created by a conveyance to husband and wife, one of which is that the purchaser of the husband's interest takes nothing during the life of the wife, and not even at her death, if the husband predeceases her : Stuckey v. Keefe, 26 Pa. 399; Bates v. Seely, 46 Pa. 248; French v. Mehan, 56 Pa. 286; McCurdy v. Canning, 64 Pa. 39.

Testimony was introduced by the defendants for the purpose of proving that all parties to the transaction intended to convey to John Hartman and wife jointly, and not to him alone; that, by a mistake of the scrivener, the name of Mrs. Hartman was omitted from all the operative clauses in the deed, etc. In view of this testimony, the court was requested to charge

that the evidence was too vague and uncertain to reform the deed, and that the verdict should be in favor of plaintiff, but the learned judge refused to so charge, and submitted the evidence to the jury with instructions, portions of which are recited in the second specification of error. The verdict was adverse to defendants, and they now complain that the court erred in three particulars :

1. In construing the deed of Jacob Bahr and wife, April 4, 1878, as a conveyance to John Hartman alone.

This must refer to what was said as to the legal effect of the deed itself, as a conveyance, standing alone and without the evidence introduced for the purpose of reforming it. Thus understood the court was clearly right. As we have seen, Mrs. Hartman is neither named nor referred to in the granting or operative clauses of the deed. Her husband's name alone appears therein. The recognition of Mrs. Hartman in the recital of the parties to the indenture amounts to nothing, in view of the fact that in every other part of the instrument there is a studied avoidance of all reference to her, or any other grantee than her husband. Any other construction than that given by the court below would have been erroneous.

2. The next subject of complaint is the instruction as to the degree of evidence required to reform the deed.

Referring to the oral testimony, as to what was said and done when the deed was made, the learned judge instructed the jury, in substance, that if it was the intention of all the parties to make the deed to Mrs. Hartman and her husband jointly, and that the deed was executed upon the representation of the scrivener, and in the belief, on the part of all the parties, that it so disposed of the property; in other words, that it conveyed the property to them jointly, " Then this deed must be treated precisely as if her name was, throughout, joined with that of her husband. But, in order to justify you in finding this to be the truth in the face of the deed, which omits to join the wife in the granting clauses, you must be satisfied of it beyond a reasonable doubt. You must be satisfied beyond a reasonable doubt that the intention was as declared by the witnesses called to prove this allegation, and that it so continued down to and at the precise time when this deed was executed."

He then read and affirmed plaintiff's second point as " the

correct statement of the law," and thereby instructed the jury in the language thereof, thus : " Where a written instrument is undertaken to be reformed by parol evidence, upon the ground of fraud, accident or mistake, the evidence of the fraud, accident or mistake, must be clear, precise and indubitable, and must relate to the time when the writing was executed." In further explanation of the rule he then said : " The evidence must have clearly satisfied you, gentlemen, not beyond every doubt, for that is impossible, nor yet by a mere preponderance, for that is not sufficient, but as thoroughly as oral testimony can satisfy the mind of the truth of this allegation, that the intention of the parties was to make the conveyance to the husband and wife jointly. You must find that the witnesses who were sworn are credible ; that they distinctly remember the facts to which they testify ; that they narrate the details exactly, and that their statements are true."

These instructions, as a whole, were as favorable to the defendants as they were entitled to. They are also in harmony with our cases on same general subjects, among which are : Stine v. Sherk, 1 W. & S. 195 ; Spencer v. Colt, 89 Pa. 314 ; Rowand v. Finney, 96 Pa. 192 ; Stewart's Ap., 98 Pa. 377 ; Murray v. Ry. Co., 103 Pa. 37 ; Logue's Ap., 104 Pa. 136 ; Ott v. Oyer's Exr., 106 Pa. 17 ; Phillips v. Meily, Id. 536 ; Sylvius v. Kosek, 117 Pa. 67 ; Reno v. Moss, 120 Pa. 49, 67.

In Ott v. Oyer, supra, Mr. Justice TRUNKEY said : " If the evidence produces a clear conviction, without hesitancy, of the truth of the precise facts in issue, it is sufficient. The law does not require proof so convincing as to leave no doubt in the minds of the jurors ; it is enough if there be evidence to satisfy an unprejudiced mind beyond reasonable doubt." Other cases are to the same effect. The standard of proof in such cases is " clear, precise and indubitable." What is meant by " indubitable " proof, in connection with such cases, is evidence that is not only found to be credible, but of such weight and directness as to make out the facts alleged beyond a reasonable doubt. In the very nature of things, that conclusive and absolute proof, which results from the production of record evidence, or rests on the solution of a mathematical problem, can never be the effect of the verbal testimony of witnesses. The language of the authorities must be considered in its rela-

tion to the subjects and instrumentalities to which it is applied: Hart v. Carroll, 85 Pa. 508.

The line of defence above referred to is in the nature of a bill to reform the deed on the ground of mistake. Under our peculiar system of administering equitable principles in common law actions, the trial judge exercises the functions of a chancellor, and if his conscience is not moved to grant the equitable relief sought, it is his duty to interpose either by withdrawing the case from the jury or by refusing to enter judgment on a verdict that is not according to equity and good conscience: Rowland v. Finney, and Murray v. R. R., supra. In his opinion, refusing a new trial, the learned judge says: " A careful review of the whole case, as presented on the trial, has convinced us that it leaves just doubts concerning the essential points of the defence." Our consideration of the evidence relied on by the defendants has led us to the same conclusion; and we therefore think the court below would have been fully warranted in withdrawing it from the jury by giving binding instructions in favor of plaintiff, as requested in its third point. The same result, however, has been reached by judgment on the verdict. If the verdict had been otherwise, it would have been the duty of the court to set it aside.

There is no merit in the third specification. As bearing on the credibility of the witness, John Hartman, the mortgage was rightly admitted. The specifications of error are not sustained.

Judgment affirmed.