### KITTY BALLARD *et al. v.* CORA FARLEY *et al.*

## (*Nashville.*   December Term, 1920.)

1. **HUSBAND AND WIFE.**  Conveyance to husband and wife as effect-
ive as if to wife by name.

'The granting clause in a conveyance to "William Farley and wife"
was just as effectual as if it said "to William Farley and wife,
Cora Farley;" it not being necessary that the grantee be de-
scribed by name if otherwise identified.   (*Post, p.* 163.)

Case cited and distinguished:   Clark v. Northern Coal Co. (Ky.),
112 S. W., 629.

2. **DEEDS.**  Intention governs construction.

If clauses or ·parts of a deed are conflicting or repugnant, the
intention is gathered from the whole instrument, instead of from
particular clauses, and if it is the clear intent of the grantor that
apparently inconsistent provisions shall all stand, it will be given
that effect if possib'e, and the technical rules of the common law
as to the division of deeds into formal parts will not preva'l as
against the manifest intent of the parties, as shown by the whole
deed.   (*Post, pp.* 163, 164.)

3. **DEEDS.**  Premises prevail over habendum clause.

Where there is an irreconcilable conflict between the premises of a
deed and the *habendum*, the former prevails.   (*Post, pp.* 163, 164.)

Case cited and approved: Teague v. Sowder, 121 Tenn., 132.

4. **HUSBAND AND WIFE.**  Held.to become tenants by entirety.

Where the premises of a deed conveyed land to certain person "and
wife," while in the *habendum* the conveyance was limited to
the named person, the husband and wife became tenants by the
entireties in the land, where it was impossible from the deed to
ascertain the true intention of the grantor.   (*Post, pp.* 164-167.)

Case cited and approved: Boyertown National Bank v. Hartman,
147 Pa., 558.

143 Tenn.—11

Ballard v. Farley.

Cases cited and distinguished: Hafner v. Irwin et al., 20 N. C., 570; Cox v. Douglass, 20 W. Va., 175.

### FROM SMITH.

Appeal from the Chancery Court of Smith County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. J. M. GARDENHIRE, Chancellor.

KNIGHT & BEASLEY, CHAS. GORE and JOS. C. HIGGINS, for plaintiffs.

J. N. FISHER and J. R. CURTIS, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This suit involves the construction of a deed executed September 1, 1900, the essential provisions of which are as follows:

"For and in consideration of the sum of ten hundred and fifty ($1,050) dollars—we, R. N. Horton and wife hereby convey unto William Farley and wife, the following described tract of land: [Then follows description.]

"To have and to hold said land with the improvements and the appurtenances thereunto belonging to the said William Farley, his heirs and assigns forever. And we covenant with the said William Farley that we are law-

fully seized of said land and have a right to convey it, and that it is unincumbered.  And we further covenant with and bind ourselves, our heirs and representatives, to warrant and forever defend the title to said land to the said William Farley, his heirs and assigns against the lawful claims of all persons whomsoever."

The defendant Cora Farley was the wife of William Farley at the time said deed was executed, and remained such until his death in 1904.

The question is: Did William Farley acquire the entire interest in the land by the deed in question, or did William Farley and his wife, Cora Farley, take the land as tenants by the entireties?

In the granting clause the conveyance is to "William Farley and wife."  This is just as effectual as if it had said "to William Farley and wife, Cora Farley."

In 18 Corpus Juris, 174, it is said: "A deed in order to pass title must designate the grantee without uncertainty, although it is not necessary that the grantee be described by name if otherwise identified, or made susceptible of identification by proof *aliunde.*"

In *Clark* v. *Northern Coal Co.*, (Ky.), 112 S. W., 629, in discussing this question, the court said: "It is not necessary that a grantee in a deed be mentioned by name. If the designation or description is sufficient to identify the person intended, the deed is effectual.  Thus a deed to a man and his wife or to a man and his children is good as to the wife or children, although their names are not given."

So we have a deed by which the property was conveyed to William Farley and wife, Cora Farley, in the premises or granting clause, while in the habendum it is limited to William Farley.

In 18 Corpus Juris, 267, it is said: "The strictness of the ancient rule as to repugnancy in deed is much relaxed, so that in this as in other cases of construction if clauses or parts are conflicting or repugnant the intention is gathered from the whole instrument instead of from particular clauses, and if it is the clear intent of the grantor that apparently inconsistent provisions shall all stand, it will be given that effect if possible. According to the trend of modern decisions, the technical rules of the common law as to the division of deeds into formal parts will not prevail as against the manifest intention of the parties as shown by the whole deed."

This rule of construction prevails in this State. On the other hand, it is equally as well settled that where there is an irreconcilable conflict or repugnancy between the premises and the *habendum* of the deed the former prevails. *Teague* v. *Sowder*, 121 Tenn., 132, 114 S. W., 484.

It is impossible from the language of the instrument under consideration to ascertain the true intention of the grantor, and it appears to be a proper case for the application of the rule just referred to.

In *Hafner* v. *Irwin et al.*, 20 N. C., 570, 34 Am. Dec., 390, the recitation of the deed was as follows: "Know all men that I, Thomas Dwight, have granted, bargained, sold, and conveyed to the said Alfred Hafner, his heirs,

executors, etc., the following property: [Then follows description.]"

The deed then continues: "To have and to hold unto the said M. W. Curry, his heirs and assigns, forever," etc.

The court said: "In the case before us, the whole interest in the property is granted and conveyed to the plaintiff in the premises of the deed. The same interest being afterwards limited in the *habendum* to Curry makes that part of the deed repugnant to the premises, and therefore void."

The court then quoted approvingly from the statement by Mr. Kent in volume 4, page 468, of his Commentaries, where, referring to the office of the *habendum* in a deed, he says: "This part of the deed was originally used to determine the interest granted, or to lessen, enlarge, explain or qualify the premises. But it cannot perform the office of divesting the estate already vested by the deed; for it is void if it be repugnant to the estate granted. It has degenerated into a mere useless form, and the premises now contain the specifications of the estate granted, and the deed becomes effectual without any *habendum.*"

In *Cox* v. *Douglass,* 20 W. Va., 175, the principle involved and determined is contained in the second syllabi as follows: "A deed, which in the granting clause 'grants and conveys' to A. the land therein described, cannot be said to show title in B. because the deed concludes, 'to have and to hold to the said B.,' when he was not named in the premises."

Counsel for complainants rely on *Clark* v. *Northern Coal Co., supra,* where the instrument involved recited:

"This deed, made this 9th day of February, 1876, between John King and Malissa King, of Pike county, and Ann Adams, heirs of Henry Pinson, deceased, of the county of Pike and state of Kentucky of the first part, and Russell Pinson and wife, heirs of Henry Pinson, deceased, of the second part; that the said Russell Pinson is to take care of his mother during her natural life, and is to have the following described tract of land: [Here follows description.] And the said Russell Pinson is to have all the personal property belonging to said Henry Pinson, deceased, for taking care of Mary Pinson, his mother."

The court said that since the contract was between the heirs of Henry Pinson, and since the wife of Russell Pinson was not an heir, and since the wife was not named in the body of the deed, but only in its caption, and further, in view of the fact that the deed provided that Russell Pinson alone was to care for his mother, and that he was to have the land and personal property, it was manifest that the intention of the parties was that the title should vest alone in Russell Pinson, and that the insertion of his wife in the caption was clearly an inadvertence.

To the same effect is *Boyertown National Bank* v. *Hartman,* 147 Pa., 558, 23 Atl., 842, 30 Am. St. Rep., 759.

We have been unable to find a case where the court adjudged that an interest granted in the premises of a deed was abrogated or taken away by subsequent clauses in the deed. It would certainly not do so in the absence of language showing a clear intention to that effect, and would not do so merely by implication or inference.

In this cause the land is conveyed to William Farley and wife, Cora Farley, and nowhere in the deed is this interest taken from the wife, unless by implication resulting from the limitation to the husband in the *habendum,* which we deem insufficient.

The Court of Civil Appeals and the chancellor both held that Mr. and Mrs. Farley, under the terms of the deed, became tenants by the entireties in the land, and that upon the death of Mr. Farley the absolute title to the property vested in Mrs. Farley, and since we are of the opinion that they were correct in so holding, it results that the petition for writ of *certiorari* filed by the complainants will be denied.