# The R. Rothschilds Sons' Company, a corporation incorporated and doing business under the laws of the state of Ohio, Appellant, *v.* E. F. McLaughlin.

*Province of court as to whether there is question for jury.*

There is in all cases at law a preliminary question for the court whether there is any evidence of the facts sought to be established that ought reasonably to satisfy the jury; if there is evidence from which the jury can properly find the question for the party on whom rests the burden of proof, it should be submitted. If not, it should be withheld from the jury.

*Evidence — Parol evidence to reform written contract — Quantity and quality.*

To reform or contradict a written contract the evidence of fraud or mistake must be sufficient to move the conscience of a chancellor to reform the instrument; that is as to quantity, there must be the testimony of two witnesses or one witness with corroborating circumstances equivalent to a second, and as to quality, the evidence must be clear, precise and indubitable.

*Province of court and jury—Inadequate charge as ground for reversal.*

Where the trial judge fails to give the jury proper instructions as to the vital question in the case and either entirely overlooks or disregards the same, it is ground for reversal.

Argued Nov. 18, 1897. Appeal, No. 120, Oct. T., 1897, by plaintiff, from judgment of C. P. Delaware Co., June T., 1896, No. 141, on verdict for defendant. Before Rice, P. J., Wickham, Beaver, Reeder, Orlady, Smith and Porter, JJ. Reversed.

Replevin. Before CLAYTON, P. J.

The facts sufficiently appear in the charge of the court below, as follows:

" This is an action of replevin in which the plaintiff, when he issued his writ, claimed to be the owner of certain barroom fixtures which he says he leased to Mr. McLaughlin. The real transaction between the parties was in the nature of a conditional sale. The plaintiffs were willing to sell the fixtures, the title to remain in them until they should be paid for; that is the transaction between the parties, and it was a lawful transaction; the law permits agreements of that kind. It is in the nature of a conditional sale between the parties; that is to say, the plaintiff agreed to lease these articles for what they call a rent, and after a certain amount of rent shall be paid equal to the value of the articles, then the title was to pass to Mr. McLaughlin and not before. So, you see, the whole question for you is, Has the article been paid for? If it has, then the title at the time of the issuing of this writ was in Mr. McLaughlin, and he is entitled to your verdict. If the articles have not been paid for then the title was in the plaintiff, Rothschilds. Now, whether the full price has been paid or not, will depend upon all the circumstances of the cause.

The defendant alleges that they did not send him the article he purchased; that they sent him an inferior article, worth much less, and, as he had paid $100 down, and had paid $50.00 on the freight, or at the time it was delivered, he kept the articles with the understanding that they should make good to him what they represented the articles to be, or with the intention upon his part to set off the difference in value between the article he received and the article he was to receive. I say to you that under the operation of this peculiar action he has the right to do it. The action of replevin in Pennsylvania is an equitable action. It will lie in every case to test the title to personal property. The operation of the action of replevin is to settle the title to personal property, and the title to this property is in Mr. McLaughlin if Mr. McLaughlin has paid for it. If he has not paid for it the title is in the plaintiff, Rothschilds, and Rothschilds will be entitled to your verdict, and his verdict will be the value of the property. As a rule, all other circumstances

being equal, what the party agrees to pay for a certain article is its value; but if the article contracted for was not sent, if an inferior article was sent, then there is an implied agreement only to pay the value of the inferior if the man accepts it and within a reasonable time makes his claim. If, therefore, you shall find, and the first question will be for you, did Rothschilds send Mr. McLaughlin an inferior article? Did he send the article that Mr. McLaughlin bought from him? If he did not, what is the difference in the price? That is the whole question. Now you will have no difficulty in regard to that. You will consider first whether the article that was received by Mr. McLaughlin was the article that he contracted for. If you find that it was, then the contract price is what your verdict should be, less what has been paid; and, in that event, your verdict would be for the plaintiff for $301.20. If you come to the conclusion that the Rothschilds did not send the article that was bargained for, if you find that he sent an inferior article which was worth less money, then the implied contract would be that the title should vest in Mr. McLaughlin as soon as he paid what the article was reasonably worth; and, if you find that it was reasonably worth less than the article that he agreed to purchase, then just what that is worth is what your verdict should be, deducting what has been paid. As I understand—what amount has been paid?

Mr. Baker: $330.

The Court: $330 has been paid, and Mr. Gray and Mr. McLaughlin say that the article received was not worth more than $330. If that is so and the bar received was not the one agreed to be leased, then the defendant is entitled to a verdict. If you find that the article sent was not the article bargained for, and that it was worth only $320 or $330 instead of $600, then, as the $330 has been paid the title is in Mr. McLaughlin; he has paid for what he got. But if you find that they sent on to him the article he contracted for, if they kept their contract with him, then the price of the article purchased is the $600 agreed upon between the parties, and as $330 has been paid there will be $270 due. Now the plaintiff was entitled to have that money at the time that his action was brought, at least; and therefore he should have damages for the detention, which, in this case, should not be more than six per cent, which would

amount in this case to $301.30.   Their claim, I say, is for $301.30, including the damages for the detention under the allegation they have sent what they agreed to furnish, and for that that is what they are entitled to, and if they have not, then you will deduct from the $301.30 whatever you think the difference is between the article contracted for and the article that was sent.

Now, gentlemen, that is all the light that I can give you upon this case.   The question is reduced to a simple point.   Consider these two questions that I have laid before you, and if you come to the conclusion that the plaintiffs here have carried out their contract and have furnished Mr. McLaughlin with the fixtures he contracted for, then there would be due to the plaintiff the sum of $301.30.   If, on the other hand, you find that they did not send him the article he bought, and that under the circumstances the best that he could do was to keep what they did send him, then he is only to pay what the article was reasonably worth, and it will be for you to say what deduction should be made if you should so find.

The contract and letters offered in evidence are sent to the jury.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* among others was (22) the charge as a whole failed to give the jury instructions as to their duty in the case, and left them in ignorance of the law applicable thereto.

*A. B. Geary*, for appellant.—Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement: Thorne, McFarlane & Co. v. Wafflein, 100 Pa. 519; Baer's Appeal, 127 Pa. 360; Irvin v. Irvin, 142 Pa. 271; Wodock v. Robinson, 148 Pa. 503; Hoffman v. Railroad Co., 157 Pa. 174.

The only ground upon which the court could submit to the jury the power to find that the plaintiff did not send the article contracted for would be that there was sufficient evidence of alteration of the contract or evidence of fraud clear, precise and indubitable and so direct and clear that a chancellor would reform the agreement, anything short of this ought not to be submitted to the jury: McGinity v. McGinity, 63 Pa. 38; Rowand

v. Finney, 96 Pa. 192; Murray v. R. R. Co., 103 Pa. 37; Sylvius v. Kosek, 117 Pa. 67; McClain v. Smith, 158 Pa. 49.

If the charge is inadequate in its treatment of the question submitted, such defect will be ground for reversal: Young v. Merkel, 163 Pa. 513; Fineburg v. Railway Co., 182 Pa. 97. If no particular instructions be asked, the court is responsible for the general effect only of the charge; and in considering the charge the whole of it must be taken together. If, when so considered, it has a tendency to mislead, though no particular portion of it be erroneous, it is cause for reversal: Insurance Co. v. Rosenberger, 3 W. N. C. 16; Iron Co. v. Diller, 17 W. N. C. 6.

We respectfully submit that the charge was inadequate and misleading to the jury, and failed to present to them the real question for their consideration.

No argument or paper-book for appellee.

OPINION BY BEAVER, J., January 18, 1898:

Whilst it is always more satisfactory to us to have both appellant and appellee represented by counsel and to have, in most cases, written and oral arguments presented for our consideration, we are, nevertheless, enabled to reach a fairly satisfactory understanding of the position of the defendant in this case from the colloquies which occurred between his counsel and the court in the course of the trial below. The first impressions of the trial judge, as the case unfolded in the trial were correct and, if they had been adhered to and embodied in the charge to the jury, it is probable that this case would not have been presented for our consideration.

The plaintiff company and the defendant, on the 14th of January, 1895, in the city of New York, entered into a written agreement in and by which the plaintiff leased to the defendant certain bar fixtures, therein fully described, upon the terms and conditions set forth in the lease. This agreement undoubtedly constitutes a bailment and was so recognized by the court below. It is true that the trial judge speaks of it in his charge as being "in the nature of a conditional sale between the parties" but he clearly recognized the true character of the transaction in what follows: "that is to say, the plaintiff agreed to

lease these articles for what they called a rent and, after a certain amount of rent shall be paid, equal to the value of the articles, then the title was to pass to Mr. McLaughlin and not before." If there were nothing else in the case, the appellant would have little to complain of.

Twenty-two assignments of error are presented for our consideration. The twenty-second is as follows : " The charge, as a whole, failed to give the jury instructions as to their duty in the case and left them in ignorance of the law applicable thereto." The discussion of this assignment will practically cover all that need be said in regard to the case. As we remarked in Snyder v. Steinmetz, ante, p. 341, in which an opinion has been this day filed, quoting McKnight v. Bell, 135 Pa. 358 : " There is in all cases at law a preliminary question for the court whether there is any evidence of the facts sought to be established that ought reasonably to satisfy the jury ; if there is evidence from which the jury can properly find the question for the party on whom rests the burden of proof, it should be submitted. If not, it should be withheld from the jury."

Was there any evidence in this case which should have been submitted to the jury, from the consideration of which, under any circumstances, they could find for the defendant? The agreement of the parties was in writing, the defendant's testimony showing that, when executed in the office of the plaintiff in New York, the only persons present were the defendant himself and the agent of the plaintiff who is the subscribing witness thereto. It would seem also as if the defendant were the only person present, when the memoranda in the agreement, which constitute the description of the fixtures, were made. The effort was made to discredit and set aside the written agreement upon the theory and allegation that the fixtures shipped by the plaintiff to the defendant were not those which he purchased or leased. There was no effort to show that they did not correspond with the description contained in the written agreement. It was, therefore, incumbent upon the defendant at the outset to discredit the agreement which was in writing. This could only be done, under the circumstances, by proof of fraud or mistake. As has been held in very many cases, so familiar to the profession that they need not be recited here, the evidence of fraud or mistake must be sufficient to move the con-

science of a chancellor to reform the instrument; that is, as to quantity there must be the testimony of two witnesses or one witness with corroborating circumstances equivalent to a second, and as to quality the evidence must be clear, precise and indubitable. A number of cases relating to this subject are collected in Honesdale Glass Co. v. Storms, 125 Pa. 268. It is scarcely necessary to say, in view of what we have already said on this subject, that it is at least doubtful whether either in quantity or quality the proof in this case came up to the requirements of the law in reference to the contradiction of a written instrument by parol evidence on the ground of fraud or mistake. This goes to the root of the case and should have been distinctly passed upon by the court below, but there is not a word said in the charge in regard to a written agreement nor as to the rules under which it is allowable to contradict it. Nothing is said to the jury as to the measure and quantum of proof required for that purpose. Indeed the case was left to the jury as if the purchase had been made by a parol agreement, and the witnesses were permitted to testify, without reference to the written agreement, that the article shipped by the plaintiff and received by the defendant was not the article purchased.

Even if this had been so, what was the duty of the defendant, when the fixtures were received and the discovery made that they were not what he purchased? It was clearly his duty, either to refuse to receive the goods; or, having opened them before the mistake or fraud was discovered, to return them or offer to return them immediately. Instead of doing this, the defendant unpacked the fixtures, set them up in his place of business and used them continuously paying numerous instalments under the lease, apparently without objection, until the writ of replevin, which is the foundation of this suit, was issued by the plaintiff. The defendant seeks to avoid the discharge of this plain, legal duty by saying that he gave notice to the plaintiff's agent, his friend and witness, Gray; but there is nothing in the case, except the defendant's own allegation, that Gray was in any sense the agent of the plaintiff, and his testimony on the subject is very unsatisfactory and indefinite.

The court below failed to give the jury proper instructions as to the duty of the plaintiff in regard to the return or offer to return of the fixtures, when received by him, and did not allude

in any way to the measure of proof necessary to establish the agency of Gray. The vital questions in the case were, therefore, entirely overlooked or disregarded by the court in its charge to the jury and the twenty-second assignment of error, which we have quoted, must be sustained.

It is scarcely necessary to discuss in detail the various assignments of error. Enough has been said to indicate the general principles which should govern in submitting the case to the jury. These principles are fundamental, and if properly observed will doubtless govern in the admission of evidence as well as in the instructions to the jury.

The judgment is reversed and a new venire awarded.