# Nettleton *v.* Caryl, Appellant.

*Evidence—Parol evidence—Written instrument—Mistake.*

Where an attempt is made to set aside or reform a written contract on the ground of fraud, accident or mistake, the parol evidence must be not only of what occurred contemporaneously with the execution of the document, and induced its procurement, but it must also be clear, precise and indubitable, in order to carry the case to the jury.

In an action to recover interest alleged to be due on deferred instalments of purchase money of land, it appeared that plaintiff executed an article of agreement for the sale of land in January, but that the defendant objected to the price, and when the price was reduced, consummated the transaction by signing the agreement in May. The parties did not meet, but acted through a real estate broker. The agreement provided that a certain sum should be paid, and the " balance in six equal annual payments of five hundred dollars each from the date hereof." Nothing was said as to interest. The plaintiff contended that the words " with interest payable yearly " were omitted from the agreement by mistake. The defendant denied this positively. The broker testified that in January the defendant agreed to pay interest; the broker also testified that he instructed his scrivener to draw the contract in accordance with a memoranda made at the time which was exhibited by the witness, and embraced the words, " with interest payable yearly," and that these words were overlooked by the scrivener by accident or mistake. The defendant was not present at the time the alleged instructions were given by the broker, nor did he ever see the memoranda mentioned. It was admitted that the question of interest on the purchase money was not mentioned after January. The only modification of the contract as written in January was

the reduction in price in May. *Held* that the evidence was insufficient to sustain the plaintiff's contention that a mistake had been made in the drawing of the agreement.

Argued Jan. 17, 1902. Appeal, No. 46, Jan. T., 1902, by defendant, from judgment of C. P. Lackawanna Co., May T., 1897, No. 861, on verdict for plaintiff in case of F. E. Nettleton v. J. D. Caryl. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover a balance alleged to be due on articles of agreement for the sale of land.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,327.51. Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*George M. Watson*, with him *C. S. Woodruff*, for appellant.— To set aside a solemn instrument between parties and convert it into an obligation of different import, on the ground of fraud or mistake, the evidence of it must be what occurred at the execution of the instrument: Stine v. Sherk, 1 W. & S. 195; Schettisger v. Hopple, 3 Grant, 54; Edmonds's Appeal, 59 Pa. 220; Stewart's Appeal, 78 Pa. 88; Geddes's Appeal, 80 Pa. 442; Cummins v. Hurlbutt, 92 Pa. 165; Bierer's Appeal, 92 Pa. 265; Campbell v. Patterson, 95 Pa. 447; Rowand v. Finney, 96 Pa. 192; Stewart's Appeal, 98 Pa. 377; Richard's Appeal, 100 Pa. 52; Breneiser v. Davis, 141 Pa. 85; Reed v. Horn, 143 Pa. 337; Boyertown Nat. Bank v. Hartman, 147 Pa. 558.

*Joseph O'Brien*, with him *William A. Wilcox*, for appellee, cited: Tompkins v. Saltmarsh, 14 S. & R. 281; Coll v. Easton Transit Co., 180 Pa. 626.

OPINION BY ORLADY, J., April 21, 1902:

On January 29, 1891, the plaintiff executed an article of agreement, under seal for the sale of a lot of ground which the defendant did not sign until May 22. The consideration expressed in the writing is " the sum of thirty-five hundred dollars

($3,500) to be paid as follows: five hundred dollars cash upon delivery hereof, and balance in six equal annual payments of five hundred dollars each from the date hereof." The principals never met and the sale was effected through a real estate broker, who prepared the written contract and sent it to the plaintiff for execution, and after its return the broker held it for the defendant's signature. The price asked for the lot was not satisfactory to the defendant and after some negotiation between the parties, through the broker, it was reduced to $3,300 by the plaintiff giving a receipt for $200, and the sale was consummated by the defendant signing the agreement on May 22, 1891. From all the evidence in the case the latter date is fixed as the time when the minds of the parties came together. The payments were made as stipulated in the writing until the last one became due, when the plaintiff refused to accept the amount tendered or to execute a deed for the premises, for the reason that he demanded interest on the purchase money. The plaintiff caused a judgment to be entered on the contract and an execution to be issued. After proceedings had in the court below to open the judgment, a feigned issue was awarded to determine the matter in dispute. The defendant admitted a balance to be due of $308, which sum he paid into court.

The trial of the issue resulted in a verdict for the plaintiff for $1,327.51, and the defendant appealed. The plaintiff contended that the words "with interest payable yearly" were omitted from the agreement, in describing the purchase money payments, through the mistake of the scrivener who drafted the contract. The defendant denied positively that the payments were to bear interest until their maturity, in which he was corroborated by the writing. Under objection the real estate broker was permitted to testify on behalf of the plaintiff that in January the defendant agreed "to pay $3,500, and interest; $500 down, and interest at the rate of six per cent on the balance, and the payments to be yearly." Further proof was adduced under objection for the plaintiff that the real estate broker had given instructions to his scrivener to draw the contract in accordance with a memoranda made at the time, which was exhibited by the witness, and embraced the words "with interest payable yearly," and that these words were overlooked

by the scrivener by accident or mistake. The defendant was not present at the time the alleged instructions were given by the broker, nor did he ever see the memoranda mentioned.

The writing very plainly omits to have the purchase money payments bear interest; it was examined by the broker before submission to his principal, by whom it was executed in January, after an inspection which resulted in noting an erasure in the description of the premises, and against whom it is to be most strongly construed. The presumption is that he read it and tendered it to the defendant just as it was written, the subsequent change in the price being made with his consent. The effect of the testimony admitted under defendant's objection was to write into the contract a very material addition to its terms, one that flatly contradicts the expressed consideration therein by substituting a greater one.

The defendant's fourth point for instruction to the jury was as follows: " A conversation between the agent of the plaintiff which took place four months before the signing of the contract is too remote from the transaction to avoid it," and in answer the trial judge said : " I cannot affirm that proposition as it is drawn. If the agreement was actually made four months before the contract was signed, and the contract was signed in pursuance of it and to carry it out, with a modification as to price only, and the real agreement was made in January to pay interest, in the conversation between Jadwin and the defendant, and the matter of interest was omitted by accident or mistake, the plaintiff can recover. But as already stated there must be more than the testimony of Jadwin upon that point, unless he is corroborated by circumstances equivalent to the testimony of another witness, the plaintiff cannot recover." The learned trial judge stated in the general charge that " anything that Jadwin told to Patterson (the scrivener) or anybody else, as to what the agreement was between him and Caryl would be what is ordinarily called hearsay testimony and not admissible. So that you will not regard that testimony at all in passing upon the conflict between Caryl and Jadwin as to what the real agreement between the parties was, the evidence, being hearsay and being inadmissible for the purpose of affecting the main question as to what the agreement between the parties was." Nor was it

admissible in any other light for as to Jadwin it was a self-serving statement made in the absence of the defendant and four months before the contract became binding between the parties. From Patterson it could not be received, as it was a mere hearsay statement made in defendant's absence. The written contract when submitted under the hand and seal of the plaintiff for the defendant's signature was his last declaration of the terms demanded by him and the letter of Jadwin of May 19, in which he states, "I made it my business to see Mr. Nettleton at once and told him just what you said, and got him to agree to it," conclusively shows that the transaction was a pending one until the defendant signed the contract.

The jury were instructed not to take into consideration the testimony of Patterson upon the main controversy, even by way of corroboration of Jadwin. Without this testimony the case was with the defendant who was corroborated in all that he state d by the written contract which had been prepared by Jadwin and signed by the plaintiff and opposed only by the testimony of Jadwin, which, as before stated, related to a conversation with Caryl four months previous. Where an attempt is made to set aside or reform a written contract on the ground of fraud, accident or mistake, the parol evidence must be not only of what occurred contemporaneously with the execution of the document and induced its procurement, but it must also be clear, precise and indubitable in order to carry the case to the jury: Martin v. Berens, 67 Pa. 459; Rowand v. Finney, 96 Pa. 192; Murray v. New York, etc., R. R. Co., 103 Pa. 37; Thomas v. Loose, 114 Pa. 35; Keller v. B. & O. Railroad Co.; 10 Pa. Superior Ct. 240; Schotte v. Meredith, 197 Pa. 496; Miller v. Interstate Casualty Co., 17 Pa. Superior Ct. 366; Sutch's Estate No. 1, 201 Pa. 305.

It will not do to say that the contract was made in January subject to a modification only of the price asked for the lot, and that this alone was in controversy and was adjusted in May. The written contract as made by the plaintiff was nothing more than an open offer until it was accepted by the defendant, and when accepted it was upon the terms as made at that time.

Under the testimony of Jadwin the question of interest on

the purchase money was not mentioned after January and the consummation of the contract on May 22, must be taken to be the deliberate act of the parties and the writing to be the best evidence of their agreement. The plaintiff's evidence, both in quantity and quality, is insufficient to vary a written contract.

The judgment is reversed.