## Williamson *v.* Carpenter, Appellant.

*Equity—Mistake—Deed—Reformation of deed—Evidence.*

The evidence necessary to reform a deed on the ground of mistake, must be clear, precise and indubitable, of such character as would move a chancellor to reform a written instrument; not of such character as might induce a jury to reform it; and it must relate to the time when the instrument was executed.

A father conveyed adjoining lots to his two sons, but not by an equal division of land. A grantee of one of the sons, after the death of the father alleged in an action of ejectment that the father made a mistake in the description of the respective deeds. There was evidence that the father, before the delivery of the deeds, by declarations to others expressed an intention exactly reversing the description in the conveyances to the two sons. There was also evidence that the sons after the conveyance occupied the property exactly as if the father had conveyed according to that expressed intention, but their occupation after the deeds was just the same as before the date of the deeds. *Held,* that the evidence was insufficient to reform the written instruments.

Argued Feb. 23, 1903. Appeal, No. 263, Jan. T., 1902, by defendant, from judgment of C. P. Lackawanna Co., March T., 1900, No. 742, on verdict for plaintiff, in case of C. H. Williamson v. M. H. Carpenter. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for a lot of ground in Scranton. Before KELLY, J. The facts are stated in the opinion of the Supreme Court. Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were in striking out the evidence offered by the defendant for the purpose of proving a mistake in the deeds.

*J. M. Walker,* with him *Clarence Ballentine,* for appellant.

*Emil Rosenberger, John F. Scragg* and *Willard, Warren &
Knapp*, for appellee, were not heard.

PER CURIAM, March 9, 1903:

John Koch, deceased, was the owner of two lots, Nos. 57 and
58, on east side of Hyde Park avenue in city of Scranton.
He had two sons, Henry George Koch and Henry F. Koch.
The two lots adjoin; each in the regular plan fronts sixty-six
feet on the avenue.   The father desired to convey these two
lots to his sons but not by an equal division of the land; so on
same day, October 24, 1874, he delivered to each son a deed,
one to Henry George for lot No. 57 and twenty-five feet addi-
tional, and one to Henry F. for forty-one feet front of lot No. 58
on Hyde Park avenue.   Both deeds were duly recorded.   It
was alleged by defendant, that the father made a mistake in the
description in the respective deeds; that the land he conveyed
to Henry George was the land he intended to convey to Henry
F., and that the land conveyed to Henry F. was what he in-
tended to convey to Henry George.   It was sought in this suit
in effect to reform the deeds.

There was evidence that the father, before the delivery of
the deeds, by declarations to others, expressed an intention
exactly reversing the description in the conveyances to the two
sons; there was also evidence that the sons after the convey-
ance occupied the property exactly as if the father had con-
veyed according to that expressed intention.   This last evi-
dence lost most if not all of its significance, from the further
fact, that their occupation after the deeds was just the same as
before their date.

The measure and character of evidence necessary to reform
a deed on the ground of mistake has been so long firmly settled
that it would be a waste of time to cite authorities.   It must be
clear, precise and indubitable, of such character as would move
a chancellor to reform a written instrument; not of such char-
acter as might induce a jury to reform it; and it must relate to
the time when the instrument was executed: Ahlborn v. Wolff
118 Pa. 242; Boyertown Nat. Bank v. Hartman, 147 Pa. 558.

The evidence of the father's intention before the deeds were
made, when met by the contradiction in the deeds, only proves
that he changed his mind, not that he failed to express it as

finally resolved upon the day the deeds were made.    We think the learned judge of the court below was clearly right, when he held that the evidence of mistake or accident in the description did not come up to the measure of proof laid down without variation, in all authorities.    The other assignments of error have no merit requiring special notice ; they are all overruled and the judgment is affirmed.