## Lenz *v.* Spencer, Appellant.

*Contract—Evidence—Parol evidence—Changing written instrument.*

In an action to recover the price of 6,000 butter boxes, sold and delivered upon a written order specifying that number of boxes, the plaintiff's agent testified that he read the order to the defendant's agent precisely as it was written, and that the defendant's agent then took it, signed it, and returned it. Defendant's agent, who was an intelligent business man, testified that he did not read the order, and that it was read to him as 2,000 butter boxes, and not as 6,000. Another witness testified that she understood the order was read as 2,000 boxes, but subsequently she was unable to say whether it was 1,000 or 3,000 boxes each. *Held,* that the evidence was insufficient to vary the written instrument.

*Practice, C. P.—Evidence—Reference—Exceptions—Appeal.*

Where a case has been tried on its merits by a referee and argument has been had in the court below on numerous exceptions to the referee's findings of fact and law, in which argument both sides have used the stenographer's notes of testimony, the appellate court will not listen to an objection that the notes of testimony were not certified by the referee, and were not before the court below.

Argued Jan. 13, 1905. Appeal, No. 5, Jan. T., 1905, by defendant, from order of C. P. Lackawanna Co., Nov. T., 1902, No. 302, sustaining exceptions to report of referee in case of Sidney Lenz and Harry Lenz trading as The Lenz & Lenz Company v. Susan Spencer. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Exceptions to report of L. P. Wedeman Esq., referee.

The facts appear by the opinion of the court below.

*Errors assigned* were in sustaining exceptions to report of referee.

*William J. Fitzgerald,* with him *Joseph O'Brien* and *M. J. Martin,* for appellant.—The evidence on which the court reversed the referee was not brought up by bill nor was it certified by the referee. Mere filing of the stenographer's notes is insufficient : Connell v. O'Neil, 154 Pa. 582; Hill v. Egan, 160 Pa. 119 ; Phila. v. West Phila. Institute, 177 Pa. 37.

The evidence was sufficient to vary the order : Rothschilds Sons' Co. v. McLaughlin, 6 Pa. Superior Ct. 347 ; Honesdale Glass Co. v. Storms, 125 Pa. 268 ; Bank v. Hartman, 147 Pa. 558; Nettleton v. Caryl, 20 Pa. Superior Ct. 250 ; Church v. Ruland, 64 Pa. 432 ; Reno v. Moss, 120 Pa. 49.

*Frederick K. Tracy,* for appellee.

OPINION BY MORRISON, J., April 17, 1905 :

This is an action of assumpsit in which the plaintiff claims $112.10, with interest, for 6,000 butter boxes, sold and delivered to the defendant upon a written order.

The defendant filed an affidavit of defense admitting the execution and delivery of an order for butter boxes but averring that the order was for only 2,000 boxes, amounting to $37.37, and averring a return of 4,000 boxes to the plaintiff. On December 5, 1902, judgment was entered for plaintiff for $37.37, the amount admitted, without prejudice to further proceedings.

After the filing of the general issue plea by the defendant, the case was, on March 23, 1903, referred to L. P. Wedeman, Esq., under the Act of April 6, 1869, P. L. 725 and its supplements of March 23, 1870, P. L. 540 and the Act of June 22, 1871, P. L. 1363.

The learned referee heard all the testimony offered and filed his findings of fact and conclusions of law and held, in substance, that while the order, plaintiff's exhibit " A," was plainly printed and written and was for 6,000 butter boxes, at the price claimed, yet, in truth and fact, the defendant, by her

duly authorized agent, only gave an order for 2,000 boxes. The referee found that the order was filled out plainly by the plaintiff's agent and passed to the agent of the defendant, who signed it, supposing it was for only 2,000 boxes because, as the defendant's agent alleges, it was read to him as 2,000.

Upon exceptions and argument the learned court below reversed the findings of the referee and held that there was not sufficient evidence to warrant reforming the writing and holding the defendant liable for 2,000 boxes only.

It being conceded that the order was plain and complete when signed, and there being no allegation that it was afterwards tampered with or changed, the burden rested upon the defendant to show by clear, precise and indubitable evidence, by at least two witnesses, or the testimony of one witness and corroborating circumstances equal to another witness, that the order given at the time the paper was signed was only for 2,000 boxes, although it read 6,000 : Honesdale Glass Co. v. Storms, 125 Pa. 268 ; Boyertown National Bank v. Hartman, 147 Pa. 558 ; Williamson v. Carpenter, 205 Pa. 164 ; Nettleton v. Caryl, 20 Pa. Superior Ct. 250 ; see also Ahlborn v. Wolff, 118 Pa. 242 and Rothschilds Co. v. McLaughlin, 6 Pa. Superior Ct. 347.

In the present case we have, on the part of the plaintiff, the plain, clear, written order for 6,000 boxes and it is admitted that the price charged per box is correct. In addition to this, we have the positive testimony of the plaintiff's agent who prepared the order, that he read it to the defendant's agent precisely as it is written and that the defendant's agent then took it and signed it and returned it to the plaintiff's agent. On the other side we have the testimony of the defendant's agent, who is an intelligent business man, that he did not read the order and that it was read to him as 2,000 butter boxes and not as 6,000. To supplement this, the defendant relied on the testimony of Lida McHale, who was present when the order was executed and delivered. She testifies, in substance, that she understood the order to have been read as 2,000 boxes but her testimony is not very positive. At the conclusion of her examination she said : " I think it was 1,000 each." " Q. He might have read it 3,000 each, you won't swear he didn't read it 3,000 of each ? A. I cannot swear." This was her final answer as to the deceptive reading of the order.

Now we think the learned court was correct in holding that this was not clear, precise and indubitable evidence on the vital point of the defense. When the witness was brought to the vital test she wavered and would not swear whether the order was read 1,000 or 3,000 of each. Moreover, it is conceded that the defendant's agent who signed this order could read and write and that he was an intelligent business man. It is also conceded that he had the order in his hand and under his eyes when he signed it and there is absolutely no evidence, but his own, that he did not read it. Leaving out the rule that he ought to have read it, the inference is almost irresistible that an intelligent business man would have read, at least, the figures showing the number of boxes which were plainly made upon the order, just above where he signed. Therefore, the fact is that there is really no contradiction of the writing and the testimony of the plaintiff's agent upon the question of whether the defendant's agent knew that the order read 6,000, except his own testimony. The young lady does not testify, nor could she truthfully testify, that he did not read the order before or at the time he signed it. Upon this point the case is within the principle of Keller v. B. & O. Railroad Co., 10 Pa. Superior Ct. 240, and Sutch's Estate, 201 Pa. 305.

A careful consideration of the testimony convinces us that the learned court was fully warranted in sustaining the exceptions to the report of the referee, and in granting judgment in favor of the plaintiff for the balance due on the 6,000 butter boxes.

The 4,000 butter boxes alleged to have been returned by the defendant were not so returned until nearly a month after they were received by her, and the plaintiff refused to receive them. Therefore this branch of the case is not material. If the defendant ordered 6,000 boxes they were shipped to her and she received them sufficiently to render her liable for the purchase price thereof.

But the learned counsel for the appellant seek to interpose the objection that " the evidence on which the court reversed the referee was not brought up by bill nor was it certified by the referee. Mere filing of the stenographer's notes is insufficient. Hence the evidence excepted to was not before the

court, and the reversal of the referee was improper." Citing
Connell v. O'Neil, 154 Pa. 582; Hill v. Egan, 160 Pa. 119;
Phila. v. West Phila. Institute, 177 Pa. 37. But it hardly lies
-in their mouths to say that this testimony was not before the
court below and that it is not before us. The case was tried
on its merits before the referee, and to his findings of fact and
conclusions of law elaborate exceptions were filed and the case
was fully argued on these exceptions before the court below,
and in this argument both parties seem to have freely referred
to the testimony, and presented it to the court, and the whole
record of the case shows that the court had all of the testimony
before it and gave it careful consideration. In view of these
facts and all the circumstances attending the trial and argu-
ment below, and the appeal and arguments here, upon the
merits, we decline to find, as a matter of fact, that the learned
court below did not have the testimony before it and did not
duly consider it. We hold that, as presented, the whole case
is sufficiently before us to justify a final determination in this
appeal.

The assignments of error are all dismissed and the judgment
is affirmed.