EULELIA D. MULLINS v. JAS. DOWLING, et al.

Eastern Section. April 17, 1926.

No petition for Certiorari was filed.

1. **Reformation of instruments. Grounds. Deed obtained through fraud.**
    In an action by a wife to establish her title in fee to land which was deeded to her husband alone, where it was shown that the wife paid part of the purchase price and the husband agreed to take the title in their joint names in estate by entireties but had the deed made to himself alone and then after recording it inserted his wife's name and gave it to her, held that the wife was entitled to have the instrument reformed.

2. **Fraudulent conveyances. Evidence. Sufficiency.**
    Where the undisputed evidence showed that the wife furnished a part of the purchase price for certain property and the husband agreed to take title in their joint names, but took the title in his own name and after recording the deed added his wife's name and gave her the original deed and she believed that they were joint owners of the property, held that the evidence was sufficient to establish fraud and a court of equity has jurisdiction to rectify the fraud.

3. **Estoppel. One acting ignorant of her right and not causing any injury to others will not be estopped by her acts to later assert her rights.**
    In an action to establish title to real estate where the husband agreed to take title in the joint names of himself and his wife, but took title in his own name and after recording the deed, added his wife's name and gave her the original deed, and later, upon his death, she was advised that she had no greater interest in the property than such as inhered as his wife, and she sought to purchase from his heirs, held such acts did not constitute an estoppel that would bar her from recovering the land in an action in equity.

4. **Husband and wife. Deed made in the names of a husband and his wife, conveys an estate by entireties regardless of whether they are named as such.**
    It is immaterial that the deed does not bear on its face the names of the grantees as husband and wife, nor is it material that no words are used in the deed to indicate a purpose in the grantor to create an estate by entirety

(1)

nor a purpose in the grantees that such an estate should be conferred upon them. The estate, by the entirety, upon the execution of the deed, depends upon the unity of the husband and wife under the common law.

5. **Husband and wife. Estate by entirety. Deed to a man and his wife conveys an estate by the entirety regardless of the amount of purchase money furnished by each.**

In an action to recover the title to real estate where the evidence showed that the wife by agreement was to furnish $500.00 of the purchase price and the balance of $2500 was furnished by the husband and it was agreed that the title should be taken in their joint names held that an estate by the entirety was created regardless of the fact that they did not furnish the same proportion of the purchase price.

Appeal from Chancery Court, Knox County; Hon. Chas. Hays Brown, Chancellor.

Modified, Affirmed and Remanded.

Lee, Price, McDermott & Meek, of Knoxville, for appellant.

C. Raleigh Harrison, of Knoxville, for defendant, Jas. Dowling.

W. A. Parkey, Guardian ad litem.

SNODGRASS, J.   The complainant, Eulelia D. Mullins, who was formerly the wife and widow of John Dowling deceased, and who after the death of her said husband married R. G. Mullins, filed this bill against the defendant James Dowling and the other heirs at law of her deceased former husband, to enjoin the partition proceedings as to those certain pieces of property described in the bill, claiming title in fee to the Tulip street house and lot as an alleged tenant by the entirety with her said husband, and asking that the other two pieces of property, which adjoined, be set apart to her as homestead and dower.

The bill claims that during the lifetime of her said husband they jointly agreed to purchase the said Tulip street property, and that the deed therefor was to be taken in their joint names; that in the purchase of the property $500 of her individual money was used by her said husband under the agreement that it should be a joint purchase; that $2500 was paid for the property, her said husband paying the balance, and that it was agreed by this means that they should jointly purchase and own the home as tenants by the entirety.

The bill avers that complainant is a married woman, unaccustomed to and wholly ignorant of forms and legal matters, and that in the matter of the purchase she relied entirely on her said husband; that upon his request, and upon the understanding as indicated, she turned over to him $500 of her own money to be used, and which in fact was used by her said husband in effecting the purchase of the property; that complainant was at all times assured by her husband that the title to said premises stood in the name of herself and her said husband; that in confirmation of this fact he referred her to

the wording of said original deed, which he had turned over to her, and wherein she was named as grantee with her said husband.

The bill tendered a copy of the original deed as Exhibit "A," and averred, upon information, that said deed as it appears of record in the Register's Office of Knox county, Tennessee, in Deed Book 258, page 20, does not name complainant as grantee therein, but avers that said deed was in the exact form as shown in Exhibit "A" when the same was turned over to her by her said husband in about ten days after the registration thereof, and that said deed was never in anywise altered after it came into her hands.

Complainant further averred that said original deed in its present form, which is the identical form thereof at the time it was delivered to her by her said husband, carried out and expressed the intent, agreement and understanding existing between complainant and her said husband at and prior to the time of said purchase, to the effect as hereinbefore shown, that title should be taken in the name of complainant and her said husband. The bill averred that said original deed was incorrectly put of record, in that she is omitted as one of the grantees therefrom, and she is advised, and accordingly avers, that she is entitled to have said deed placed of record declared a cloud upon her title and removed as such; that in case complainant's husband took said deed from said grantors with himself alone named as grantee therein, and has had said deed recorded while in such form, and thereafter before delivering said deed to complainant altered the same by inserting her name as grantee, then complainant is advised, and accordingly avers, that she is entitled to have the said deed reformed, so as to have her name inserted as grantee therein together with that of her said husband, so as to properly and correctly set forth the true intent and meaning of the agreement between complainant and her said husband, as hereinbefore set out, because, it was averred, if complainant's name was in fact omitted from said deed at the time of the execution and recording thereof, this could only have resulted from some fraud, accident or mistake in the drafting of said deed, and was certainly contrary to the express agreement and understanding between complainant and her said husband whereby said purchase was made, as shown, and to the purchase price of which complainant contributed $500 in cash of her own personal funds; that in any event complainant is advised, and avers, that she is entitled to set up and have enforced in her favor and behalf a resulting trust in and to said property to the extent she contributed to the purchase price thereof, as hereinbefore set out.

In addition to the prayer for an injunction to stay the proceedings of the heirs at law of her said husband to partition or distribute the same among them, subject to the homestead and dower of the com-

plainant in the property described in the bill, which rights were conceded, the bill prayed that the deed shown as Exhibit "A" thereto be decreed to be the true and correct instrument whereby title to the premises described became vested in complainant and her said husband as tenants by the entireties, and that the deed as recorded in the Register's Office of Knox county be declared a cloud upon complainant's title and be removed as such; that complainant be decreed to be the true and lawful owner of the premises; that in case it should be found that the original deed contained only the name of her said husband as grantee, that it be reformed to express the real contract and intent of the parties thereto, and made to conform to the deed as shown in Exhibit "A;" that complainant's homestead and dower rights be assigned to her out of the two adjacent parcels of land as described in paragraph 4 of the bill, and in the manner and to the extent provided by law, and for general and appropriate relief.

An injunction was issued as prayed, guardian ad litem appointed for the minors, and answers were filed, in which it was admitted that complainant was the widow of John Dowling, deceased, and entitled to homestead and dower in the property, which by the proceedings enjoined and as heirs of the said John Dowling they were seeking to partition, but they put in issue every other allegation of the bill with reference to any contract agreement or right in the complainant other than the right to homestead and dower.

Proof was taken and the cause went to trial before His Honor, the Chancellor, who found, and incorporated in his decree as a part thereof, the following:

"1. The undisputed facts of the case are as follows:

"On October 6, 1911, the complainant, Eulelia D. Mullins, who was then Eulelia Dowling, delivered to her then husband, John Dowling, now deceased, the sum of five hundred ($500) dollars, which was her own individual property, to be used together with other funds, to be supplied by him, in the purchase of a home place from Robert B. Ragsdale and wife, Lillie E. Ragsdale.

"The said John Dowling procured said deed to be executed to himself alone, omitting any reference to his wife, the complainant, as grantee therein and in this form he procured said deed to be registered. Thereafter, the said John Dowling inserted in said original deed after his own name both on the back of the deed and on the face thereof, the words "and wife" and delivered said deed in said form to his said wife, the complainant, assuring her that she had been named as a grantee therein. Said deed thus altered in the handwriting of John Dowling is filed as Exhibit "A" to the deposition of the complainant here-

in. The complainant held said deed in its altered form in her exclusive possession, and shortly after the death of her said husband, John Dowling, she was advised by the draftsman thereof, D. G. Leahy, that the words 'and wife' appearing after the name John Dowling, both on the face and on the back of the deed had been inserted after its execution, and therefore that she did not own said parcel of real estate by right of survivorship. Complainant continued under this belief until advised by counsel, which advice resulted in the present litigation.''

Thereupon, under the foregoing facts as hereinbefore found by the court, it was decreed that complainant is entitled to have impressed upon said parcel of real estate described in said deed filed as Exhibit ''A'' to complainants' deposition, and hereinafter described, a resulting trust in her favor to the extent of $500, together with interest thereon from the date she turned over said fund to her said husband, October 6, 1911.

It was further provided that the court, having jurisdiction of the cause for one purpose, assumes jurisdiction over the entire subject matter for the purpose of enforcing complainant's rights in said parcel of real estate described in said Exhibit ''A'' to the deposition of complainant, which description is as follows. The court then set out a complete description of said parcel of land, which is here referred to, and continued: And also to assign and set apart to complainant her homestead and dower rights in all of the real estate of which her husband John Dowling died seized and possessed, and that complainant's solicitor having stated in open court that she is willing to have any and all real estate belonging to her said husband sold free and clear of her homestead and dower rights, and accept her interest therein in cash, it is ordered that said parcel of land hereinbefore described be sold in this court and in this cause; and that sale also be made of the remaining property owned by John Dowling, deceased at the time of his death, which property was fully described in the decree, and is here briefly referred to as—

First: Situated in the Ninth Ward, Lot No. 60, in Caldwell Addition, etc.

Second: Situated in the Second District of Knox county, commencing on the northeast corner of Lot 6, etc., etc.

The land was thereupon ordered to be sold and report made to the next term, and the matter as to value of complainant's dower and homestead in remainder, after allowing her the $500 and interest, was referred. The preliminary injunction as to the county court partition proceeding was made perpetual.

Upon the hearing of the cause, on the reading of the deposition of complainant, defendants, by counsel, excepted to testimony offered by complainant of verbal conversations had between her and said

decedent, John Dowling, it being agreed by counsel that said exception should be treated as applying to all of such testimony offered by complainant on her own behalf, which exception the court overruled, and admitted and considered said testimony. The question as to this exception has passed out of the record, there being no appeal perfected by the defendants.

When the Chancellor announced his finding of fact as hereinbefore set out, the complainant made application to the court to find as a fact from the evidence herein that the complainant, at the time said home place described in said Exhibit "A" was purchased of R. B. Ragsdale and wife, turned over to her said husband, John Dowling, $500 of her own money, upon the express agreement and understanding that title to said home place should be taken in their joint names; which application the court denied and disallowed, to which exception was taken.

From all of said action of the court, except insofar as a sale is ordered of the real estate, the adult and minor defendants prayed an appeal; and from the action of the court, insofar as the court failed to hold that the complainant was entitled to the first parcel of land described in paragraph No. 3 of the decree as her absolute property by her right of survivorship as tenant by the entireties; and in failing to hold that the decedent John Dowling held said parcel of real estate under a constructive or resulting trust for the benefit of himself and of complainant as tenants by the entirety; and in failing to find as a fact that it was upon an express agreement and understanding that title to said home place was to be taken in their joint names that complainant let her husband have $500 of her own money to be used in such purchase of said home place, complainant excepted and prayed an appeal; which appeals both of complainant and defendants were in the discretion of the court allowed at that time, but the sale was allowed to proceed and the interest of the parties transferred to the fund to be realized.

The complainant alone perfected an appeal, and now complains,

"I. The learned Chancellor erred in failing and refusing to find as a fact from all of the evidence herein that the complainant furnished to her husband, John Dowling, Sr., a portion of the price for the Tulip street property upon the express agreement and understanding that title to said property should be taken in their joint names, which such fact is conclusively proved by the uncontradicted evidence herein and is substantiated in the handwriting of John Dowling himself, who inserted in the deed of purchase the words '& wife,' before turning said deed over to complainant."

"II. The learned Chancellor erred in failing and refusing to hold that the complainant was entitled to the Tulip street

property as her absolute property by virtue of her survivorship as tenant by the entireties, it appearing from all of the undisputed evidence herein, and from the handwriting of John Dowling himself that the title to said property was purchased with this understanding and agreement between John Dowling and his wife, the complainant, and even though the deed as originally executed contained only the name of John Dowling as grantee, in equity he will be held to have taken said title in trust for the purpose of carrying out the express agreement and understanding between him and his said wife as against the heirs of John Dowling, the defendants herein. The complainant is entitled to said property under a constructive or resulting trust in her favor as surviving tenant by the entirety."

"III. The learned Chancellor erred in failing and refusing to decree to the complainant as her absolute property, the Tulip street property, and in failing to decree to her the Maple street property by virtue of her homestead and dower rights, it appearing from all of the evidence that complainant is entitled to said Tulip street property by virtue of her rights under a constructive or resulting trust as surviving tenant by the entirety, and is entitled to the Maple street property, which is worth one thousand dollars, by virtue of her homestead and dower interest in the lands of John Dowling, her deceased husband."

It seems to us, from the record, that an understanding between the husband and wife at the time of the purchase of the Tulip street property from the Ragsdales that the wife's name was to be in the deed as a joint grantee with her husband is just as regnant as any other fact established by the record. The Chancellor found as a fact that she furnished five hundred dollars of her individual means which went into the purchase, but we think improperly limited the effect of this holding. The indubitable fact that her name was to be in the deed, according to the agreement in relation thereto, appears by the action of the husband himself, and it is not material whether the absence of her name as a grantee therein was due to an inadvertence or a design upon his part. Such absence was a violation of the agreement and operated as a fraud upon her rights, which her conduct has neither authorized nor condoned. When she discovered from a publication that apparently his name alone appeared as such grantee. she was assured that the deed evidenced the contrary, and he wrote her name by description both on the back of the deed and in its face. Having full confidence in her husband the deed was laid away and kept by her until its real import was discovered after his death, when upon advice she thought she had no greater interest in the property than such as inhered as his wife, and sought to purchase it from the heirs, the supposed owners. Being ignorant of

her rights, and not having caused any injury to others by any action of hers, and asserting them upon their reasonable discovery, there are no laches that would prevent equity, which regards as done the thing that ought to have been done, from carrying out the original purpose and securing to the complainant the enjoyment of what the law would have conferred upon her had the husband respected his agreement, and which he confessed by writing her name as stated, in the deed, thus lulling her into fancied security as to the character of the ownership of the property.

We find that the agreement between them was as it appeared when he wrote her name in the deed, and though this action alone may have been abortive as an investiture of title, it furnishes the conclusive evidence as to what the original agreement or understanding was, and no matter whether his action was supposed by him to be effective, or designed as a means of deceiving his wife, equity has jurisdiction to rectify the mistake, if such it was, or right the wrong that was perpetrated. The Chancellor was therefore in error in failing to find as requested, and the first assignment of error is sustained.

Moreover the conclusion that her money was used only in the sense of a loan, and that the resulting trust is effective only as a security and limiting her interest in the property by reason of the same to a return of the five hundred dollars with interest, we think was error. The amount she put into the property, though disproportionate, was not material, if it was the purpose and agreement that her name should also be included as a grantee. Such an inclusion in the deed of her name with his as grantee, whether by particular mention, or by description, would have created an estate by the entirety. Ballard v. Farley, 143 Tenn., 161.

An estate by the entirety "is an estate arising in the conveyance to a man and wife jointly; they are not seized of moieties, but of entireties; hence the name, estate in entirety. They resemble joint tenancies in that they have the quality of survivorship. The heirs of the survivor would take to the exclusion of the heirs of the first deceased. But unlike joint tenancies, the right of survivorship cannot be destroyed by the action of either party." Tiedman on Real Property, sec. 242, page 162.

And Mr. Kent says (Vol. 4, page 378, sec. 363) that "the destruction of joint tenancies, to the extent which has been stated, does not apply to conveyances to husband and wife, which, in legal construction, by reason of the unity of husband and wife are not strictly joint tenancies, but conveyances to one person. They cannot take by moieties, but they are both seized of the entirety, and the survivor takes the whole; and during their joint lives neither of them can alien so as to bind the other."

To the same effect is the case of Bennett v. Hutchens, 133 Tenn. (6th Thompson), page 69, where it is said:

"By the authorities it is held that a deed to husband and wife which would at common law have created in them an estate in joint tenancy had they not been married, does, by the fact of marriage, create in the husband and wife an estate by the entirety. This upon the reasoning that in the eye of the law, husband and wife are not separate individuals, but one person, and the estate vests in them as an entirety. In legal contemplation each of them is seized of the whole estate, and the death of one of them does not put an end to the seizin of the survivor, because his or her original seizin was of the whole and not of part of the estate.

It is immaterial that the deed in the present case did not on its face name the grantee as husband and wife; nor is it material that we find in the deed no words used to indicate a purpose in the grantor to create an estate by the entireties, nor a purpose in the grantee that such an estate should be conferred upon them. The estate, by the entireties, upon the execution of the deed, depends on the unity of the husband and wife under the common law.

If an estate be given to a man and his wife, they are neither properly joint tenants nor tenants in common; for husband and wife, being considered as one person in law, they cannot take the estate by moieties, but both are seized of the entirety, per tout et non per my; the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." Citing also Bla. Com., Vol. ————, 182.

It thus appears that the law, by reason of the relationship of husband and wife, when an estate is conveyed to them, impresses upon it the character under which it is held, and while it may be possible for the grantor to create in them by express words a tenancy in common, still it would require the use of such express words to defeat its character by the entirety. 4th Kent., 378, sec. 363; Tiedman on Real Property, sec. 244.

The deed in this cause under which the complainant claims title as survivor, contains no express words or description of any other estate that would defeat an estate by the entirety.

The foregoing considerations we think necessarily determine the question in this lawsuit in favor of the complainant as to her right to the Tulip street property, and it is immaterial whether it be effected as upon a reformation of the deed, or whether her deceased husband should be regarded as holding the property in trust for her impressed with the character of tenancy by the entirety. There

can. be no question, under the authorities cited in complainant's brief, of the jurisdiction of equity to enforce the agreement so as to decree to the wife the status as to the ownership of the Tulip street property, which she would now be enjoying had the agreement been carried out as contemplated. We are satisfied from her testimony, corroborated as it is by the husband's handwriting, and what he said to the witness Abe Leek as to her interest in the property, that the understanding was that her name was to be included as grantee; and this fact, being determined, the character of the holding, as it would and should have been, is likewise determined, as of absolute ownership of the property in complainant as a survivor of her deceased husband, and that she is likewise entitled to homestead and dower out of the remainder of the property known as the Maple street property.

The remaining assignments of error are therefore sustained. The decree of the Chancellor is reversed insofar as he held the complainant not the owner of said property described in Exhibit "A" known as the Tulip street property, and a decree will be entered here cancelling the deed as the same was recorded, as a cloud upon her title, reciting as upon a reformation of such deed that she and her husband were tenants by the entirety of such property, and vesting in her as the survivor all the right and title therein; and providing, also, if desired, that certified copy of this decree can be recorded, and shall operate as a muniment of title to the complainant to said property.

The case will be remanded in order that homestead and dower may be assigned to complainant in the remainder of the property or its proceeds, accordingly as the same may be determined upon the reference ordered. The costs of the cause in this court will be paid out of the funds derived from the sale of the other lands, and the costs below as the same may be decreed by the Chancellor, his decree being otherwise affirmed.

Portrum and Thompson, JJ., concur.